**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**


ERIC C. BURGIE
ADC #120956                                                          PETITIONER


VS.                                     5:08CV00089 BSM/JTR


LARRY NORRIS, Director,
Arkansas Department of Corrections                                   RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

On April 1, 2008, Petitioner, Eric Burgie, initiated this habeas action, which seeks to have the Court reverse and vacate a disciplinary conviction that he received on December 19, 2005, while he was incarcerated in the Varner Super Max Unit ("VSM") of the ADC. (Docket entry #1.) On May 14, 2008, Respondent filed a Motion to Dismiss. (Docket entry #11.) Petitioner has now filed a Response. (Docket entries #17.) Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion to Dismiss, the Court will review the relevant procedural history of the case. Petitioner is currently incarcerated at the Tucker Unit of the Arkansas Department of Correction ("ADC"). He is serving a life sentence, without the possibility of parole, for a capital murder conviction in Garland County Circuit Court.

On December 13, 2005, ADC Officer Lula Goins alleged that, while she was walking by Petitioner's cell in VSM, she observed him masturbating. (Docket entry #1 at 20, Major Disciplinary Form.)  She gave Petitioner a direct order to stop, but he did not comply.  *Id.*  Officer Goins later charged Petitioner with: (1) a Code 12-1 violation, Failure to Obey Verbal and/or Written Orders of Staff; and (2) a Code 10-3 violation, Indecent Exposure.  (Docket entry #1 at 20, Major Disciplinary Form.)

On December 19, 2005, Petitioner attended a disciplinary hearing where he denied he was masturbating, and contended that Officer Goins was mistaken.  (Docket entry #1 at 21, Disciplinary Hearing Action Form.) The Disciplinary Hearing Officer ("DHO") found that Petitioner was guilty of failing to obey an order, but not guilty of indecent exposure.  (Docket entry #1 at 21, Disciplinary Action Form.)  In explaining the factual basis for the decision, the DHO wrote that he accepted the charging officer's report and that "[Petitioner] refused to stop masturbating when ordered by staff."[1] (Docket entry #1 at 22, Disciplinary Hearing Action Form.)  As a result of the disciplinary conviction, Petitioner's custodial classification was reduced to "class III."  (Docket entry #1 at 21, Disciplinary Hearing Action Form.)

Petitioner unsuccessfully appealed the disciplinary conviction and eventually exhausted his administrative remedies in the ADC grievance system, and in state court.[2]

In this habeas action, Petitioner alleges that the December 19, 2005 disciplinary conviction was not supported by substantial evidence, and seeks to have the Court vacate the conviction.

---

[1]According to Petitioner, the DHO did not find him guilty of indecent exposure because the charging officer failed to write on the charging document that she saw Petitioner's penis. (Docket entry #1 at 16.)

[2]Respondent does not dispute that Petitioner exhausted his administrative remedies.

(Docket entry #1.)  Petitioner claims that the reduction in his custodial classification from "Class V" to "Class III" restricted his access to privileges and extended the length of his participation in the VSM behavior modification program.

In Respondent's Motion to Dismiss, he argues that this habeas action should be dismissed because: (1) it was untimely filed; and (2) it fails to state a cognizable habeas claim.  For the reasons explained below, the Court concludes that Respondent's second argument has merit, and that the Motion should be granted.

## II.  Discussion

The United States Supreme Court has held that a disciplinary conviction which results in a prisoner losing *good time credits* implicates a liberty interest protected by the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974).[3]  Because the loss of good time credits affects the duration of a prisoner's sentence, a § 2254 habeas action is a prisoner's exclusive remedy.  *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002).  In contrast, a claim by a prisoner challenging a disciplinary action that does *not* affect the length of his confinement must be brought under 42 U.S.C. § 1983.  *See Muhammad v. Close*, 540 U.S. 749 (2004) (*per curiam*).

Respondent argues that Petitioner, who is serving a life sentence, *without the possibility of*

---

[3]The Court in *Wolff* also held that due process requires that an inmate, who is the subject of a disciplinary proceeding, must receive: (1) written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Eleven years later, in *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record." Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457.

*parole*, cannot earn good-time credits affecting the length of his confinement.  Thus, Respondent contends that the reduction in Petitioner's custodial classification cannot affect the length of his confinement.

The Court agrees.  In fact, Petitioner acknowledges that he asserted a parallel § 1983 conditions of confinement claim which challenges the identical disciplinary conviction and the reduction in his custodial classification.  *See Burgie v. Norris*, E.D. Ark. No. 5:08CV00046 JLH/HDY.[4]  Because the reduction in Petitioner's custodial classification stemming from the disciplinary conviction cannot affect the length of his confinement, the Court concludes that Plaintiff has not stated a cognizable habeas claim pursuant under 28 U.S.C. § 2254.  Rather, Petitioner's exclusive remedy is his parallel § 1983 action which is now on appeal to the Eighth Circuit.

Finally, even if Plaintiff has stated a cognizable habeas claim, it would still fail on the merits.  In this case, there unquestionably was "some evidence in the record" to support the DHO's decision.  Under *Hill*, federal courts are required to defer to the judgment of prison officials as long "as some evidence in the record" supports the disciplinary conviction and the due process requirements of *Wolff* are satisfied.  This limited review does not require examination of the entire record, independent assessment of credibility of witnesses, or the weighing of the evidence. *Id.* at 455.  Prison officials can permissibly rely on violation reports and hearsay to find inmates guilty of disciplinary infractions. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir.2008); *Moore v. Plaster*, 313 F.3d 442, 444 (8th Cir.2002). A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to

---

[4]On August 5, 2008, the Court granted Defendant's Motion for Summary Judgment. (Docket entries #90 and #91.) Petitioner's appeal is currently pending before the Eighth Circuit in *Burgie v. Harris*, 8th Circuit No. 08-2952.

5

base a prison disciplinary decision, if the violation is found by an impartial decision-maker. *See Hartsfield,* 511 F.3d at 831.  The record in this case demonstrates that the disciplinary hearing satisfied the due process requirements of *Wolff* and that "some evidence in the record" supports the disciplinary conviction as required by *Hill*.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss (docket entry #11) be GRANTED, and that the case be DISMISSED, WITHOUT PREJUDICE.

Dated this 27th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE