**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ERIC C. BURGIE**
**ADC #120956**                                                                                          **PETITIONER**

v.                                         **5:08CV00089 BSM/JTR**

**LARRY NORRIS, Director,**
**Arkansas Department of Corrections**                                                **RESPONDENT**

## ORDER

The court has reviewed the proposed findings and recommended disposition submitted by United States Magistrate Judge J. Thomas Ray and the objections filed by petitioner. After carefully considering these documents and making a *de novo* review of the record, the court concludes that the proposed findings and recommended disposition should be, and hereby are, approved and adopted in their entirety as this court's findings in all respects. Judgment will be entered accordingly. The court, however, feels it is necessary to expound upon the rationale for the decision.

In the proposed findings and recommended disposition, Magistrate Judge Ray agreed with respondent's argument that petitioner cannot earn good-time credits affecting the length of his confinement because he is serving a life sentence without the possibility of parole, and thus, the reduction in petitioner's custodial classification cannot affect the length of his confinement. Petitioner objects to this finding and cites *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), in support of the proposition that he may challenge the loss of good-time credit in a habeas petition, even though he is serving a sentence of life without the

possibility of parole, because there is a possibility that the sentence could be commuted to a term of years.

The Constitution does not create a protected liberty interest in a particular prisoner classification or good time credit. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Additionally, the Arkansas Supreme Court in *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (2006), held that Arkansas Code Annotated § 12-29-201(d) "plainly states that '[m]eritorious good time will not be applied to reduce the length of a sentence," as the statute "supports the application of meritorious good time to an inmate's transfer eligibility date." The Court in *McKinnon* held that "Arkansas has not created a liberty interest in good time under the constitutional analysis in *Wolff* . . . ." *Id*. at 408-09. Here, because petitioner did not have a protected liberty interest under either federal or state law in his classification level, he was not entitled to any due process protections in connection with disciplinary decisions imposing those sanctions, and this case is distinguishable from *Wolff*. Furthermore, it appears that petitioner does not even have the opportunity to earn good time credit due to the fact that he has been sentenced to life without the possibility of parole, unless and until his sentence is commuted. *See* Ark. Code Ann. § 12-29-201(g).

Even if petitioner was entitled to due process protections, the court adopts the magistrate's finding that "there unquestionably was 'some evidence in the record' to support the [Disciplinary Hearing Officer's ("DHO")] decision." Notably, as stated by the magistrate

in the recommended disposition, "According to Petitioner, the DHO did not find him guilty of indecent exposure because the charging officer failed to write on the charging document that she saw Petitioner's penis." (citing Doc. No. 1, p. 16). On this basis, the DHO clearly could have found petitioner not guilty of indecent exposure, yet found that he failed to comply with orders, and the decision is supported by at least "some evidence in the record." *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (holding that "revocation of good time does not comport with the 'minimum requirements of procedural due process . . . , unless the findings in the prison disciplinary board are supported by some evidence in the record").

Magistrate Judge Ray also found that the record in this case demonstrates that the disciplinary hearing satisfied the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The Supreme Court in *Wolff* held that when a protected liberty interest exists in connection with a prison disciplinary proceeding, due process requires that an inmate must receive: (1) written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Petitioner asserts that although he requested that correctional officer Horner as a witness, the DHO "did not attempt to obtain a statement from this individual before, at or

after the disciplinary court review hearing." Petitioner states that Horner "worked the control booth or panel of cellblock 5 and 6," and "could've positively confirmed whether the petitioner was in fact guilty of the rule violations." It appears that a witness statement from correctional officer James Charleston dated December 16, 2005, was considered by the DHO, but the court is unaware of any witness statement by Horner.

The court notes that in a § 1983 case brought by plaintiff regarding the same disciplinary proceeding involved in this case, Chief Judge J. Leon Holmes adopted the proposed findings and recommended disposition, which stated, "Plaintiff received due process at his disciplinary hearing . . . ." *Burgie v. Norris*, Case No. 5:08-cv-00046 JLH/HDY (Doc. No. 84). The grant of summary judgment in that case is currently on pending before the Eighth Circuit in *Burgie v. Harris*, 8th Circuit No. 08-2952. It does not appear that whether the *Wolff* standard was satisfied was raised in that case. Exhibits 2 and 3 of the statement of facts in that case (Doc. No. 60) have "c/o Horner" and "c/o Charleston" written under "Witness Statements," yet only a witness statement from Charleston is attached.

Importantly, there is nothing in the record to support petitioner's assertion that Horner would have testified as asserted. Furthermore, even if Horner had been called as a witness and testified as petitioner suggests, there is no indication that the testimony would have aided his defense, or that the outcome of the proceeding would have been different. *See Howard v. United States*, 487 F.3d 808 (10th Cir. 2007) (applying harmless error analysis to due

process claim that prison officials denied requested witness testimony at hearing); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (constitutional violation in adjudicating prison disciplinary proceeding is subject to harmless error analysis).

Finally, Magistrate Judge Ray declined to consider the issue raised by respondent of whether petitioner's action was timely filed. The Second, Fourth, Fifth, Ninth, and Tenth Circuits have held that the Anti-Terrorism and Effective Death Penalty Act (AEDPA) one-year limitations period applies to habeas petitions contesting administrative decisions. *Dulworth v. Evans*, 442 F.3d 1265, 1267-68 (10th Cir. 2006) (citing *Shelby v. Bartlett*, 391 F.3d 1061, 1064-65 (9th Cir. 2004); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 330-31 (4th Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002)). The Seventh Circuit disagrees. *Id*. (citing *Cox v. McBride*, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Eighth Circuit has yet to address the issue. Petitioner, relying upon the rationale of the Seventh Circuit, asserts that the one-year limitations period does not apply. He further asserts that even if it did, he is entitled to equitable tolling. The court declines to address this issue, as the issue of equitable tolling has not been fully briefed, but notes that this is an important issue that needs to be addressed by the Eighth Circuit.

IT IS THEREFORE ORDERED that:

(1)  Respondent's Motion to Dismiss (docket entry #11) is GRANTED; and

(2)  Petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §

2254 (docket entry #1) is DENIED, and this habeas action is DISMISSED, WITH PREJUDICE.

Dated this 13th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE